Moses & Singer LLP
Court Plaza South – East Wing
21 Main Street, Suite 101
Hackensack, New Jersey 07601-0647

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

INTERGLOBO NORTH AMERICA, INC.,

      Plaintiff,

  -against-

N.E. TIMBERLAND INVESTMENTS L.L.C.,

      Defendant.

**COMPLAINT**

Plaintiff, Interglobo North America, Inc. ("Interglobo" or "Plaintiff"), by and through its attorneys, Moses & Singer LLP, as and for its Complaint against Defendant, N.E. Timberland Investments L.L.C. ("Defendant"), alleges as follows:

### JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure and also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claim in suit.

2. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(3) because the amount in controversy exceeds $75,000 and the action is between citizens of different States. Plaintiff is a citizen of the State of New Jersey and Defendant is a citizen of the State of Connecticut, as Defendant is incorporated in the State of

Connecticut and, upon information and belief, its members are all citizens of the State of Connecticut.

3. Venue properly lies in this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. At all material times to this action, Interglobo, a corporation organized and existing under the laws of the State of New York with a principal place of business at 2 Colony Road, Jersey City, New Jersey 07305, was and still is doing business as a freight forwarder of cargo for hire.

5. Upon information and belief, at all material times to this action, Defendant, a limited liability company organized and existing under the laws of the State of Connecticut, having an address and principal place of business at 195 Bigelow Hollow Road, Union, Connecticut 06076, was and still is doing business as exporter of goods.

## FACTS

6. On or about January 9, 2019, Defendant signed an Export Transaction Power of Attorney ("POA") appointing Interglobo as its authorized agent for exportation and transportation of Defendant's goods from the United States to foreign countries. Pursuant to the POA and booking orders, Interglobo arranged, on behalf of Defendant, for transportation or forwarding of Defendant's cargo for hire via ocean carriage and other method of transportation, as well as customs clearance of Defendant's cargo exported from the United States to foreign countries, including China.

7. Interglobo performed its obligations by forwarding or arranging for transportation of Defendant's cargo, and by processing Defendant's cargo through U.S. Customs in order to

allow Defendant's cargo to be exported from the United States to foreign countries. As part of its services, Interglobo procured and/or negotiated ocean bills of lading with ocean carrier, prepared and/or processed security manifest declarations, performed U.S. Customs clearance, including preparing and transmitting electronic export information and other documents required to be filed with the U.S. Customs and other governmental agencies, determined export licensed requirements, obtained export license or other export authorization or clearance, and carry out certain formalities required by the United States government agencies for the export of Defendant's goods, paid carriers freight out of its pocket.

8. Defendant received and accepted Interglobo's services.

9. Interglobo invoiced Defendant for its services. Interglobo sent Defendant periodic statements of account, reminders and payment solicitations, to which Defendant did not object.

10. Defendant has made partial payments to Plaintiff, promised both verbally and in writing to pay the balance, but failed to pay the balance.

11. As of the date of this Complaint, Defendant owes Interglobo $110,090 exclusive of interests.

12. Plaintiff brings this action on its own behalf and as agent, assignee and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said action, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

13. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 12 of this Complaint as if herein set forth at length.

14. Interglobo has performed the services set forth in the Facts section of this Complaint. Defendant received and accepted Interglobo's services.

15. Interglobo invoiced Defendant for its services. Defendant has failed to pay Interglobo's invoices and, in so doing, has breached the contract with Interglobo.

16. By reason of the foregoing, Interglobo has suffered damages in the amount of $110,090 exclusive of interests.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ACCOUNT STATED

17. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16 of this Complaint as if herein set forth at length.

18. Defendant has not objected to, has accepted, made partial payments and promised to pay Interglobo's invoices in full.

19. Defendant has failed to pay Interglobo's total invoices. By reason of the foregoing, Interglobo has suffered and continues to suffer damages and is entitled to judgment in the amount of $110,090 plus interests and cost of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Interglobo North America, Inc., respectfully demands judgment in its favor and against Defendant, N.E. Timberland Investments L.L.C., awarding Plaintiff damages in the amount of $110,090 plus interests and cost of this action, and such other and further relief that this Court may deem just and proper.

Dated: February 12, 2020
       Hackensack, New Jersey

                        MOSES & SINGER LLP

By: _____
       John Baranello
       Court Plaza South – East Wing
       21 Main Street, Suite 101
       Hackensack, New Jersey 07601-0647
       *Attorneys for Plaintiff*